UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT MARTYN,

    Plaintiff,

v.

J.W. KORTH & COMPANY, a
Michigan Limited Partnership, and
PAM HIPP, an individual,

    Defendants.
_____/

Case No: 1:11-cv-407

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendants' Motion to Compel Arbitration of Plaintiff's Non-Statutory Claims. (Dkt. No. 5.) For the reasons contained herein, the motion will be granted.

## **I. Facts**

Plaintiff alleges that he began working for Defendant J.W. Korth & Company ("J.W. Korth") and its subsidiaries in May 2003 as a securities and investment broker.[1] (Dkt. No. 1, Ex. A, Compl. ¶ 7.) Plaintiff was terminated on October 6, 2010. (Compl. ¶ 22; Ans. ¶ 22.) Plaintiff alleges that this termination was as a consequence of his bipolar disorder. (*Id.*; Compl. ¶ 15.) On March 24, 2011, Plaintiff brought this action in Eaton County Circuit

---

[1] Defendants deny this allegation as untrue but admit that Plaintiff was employed by Defendant J.W. Korth & Company at some time and in some capacity. (Dkt. No. 2, Ans. ¶¶ 7, 43.)

Court alleging violation of the Michigan Persons with Disabilities Civil Rights Act, violation of the Americans with Disabilities Act ("ADA"), wrongful termination against Defendant J.W. Korth, unjust enrichment against Defendant J.W. Korth and against Defendant Pam Hipp, and interference with a contractual relationship against Defendant Hipp.

On April 22, 2011, Defendants removed to this Court, invoking the Court's federal matter jurisdiction over Plaintiff's ADA claim and the Court's supplemental jurisdiction over the remaining claims. (Dkt. No. 1, Notice ¶¶ 6-8.) Defendants now move the Court to compel arbitration of Plaintiff's non-statutory claims. They assert that Plaintiff executed a pre-dispute agreement under which he is obligated to arbitrate those claims, and they argue that both federal and state laws require the enforcement of that agreement. (Mot. 1-2.) In his cursory response, Plaintiff does not contest that the agreement, if valid, must be enforced. Rather, he contests the validity of the agreement: he argues that he has no recollection of signing the agreement Defendants have proffered, (Dkt. No. 8, Resp. ¶ 7); impliedly argues that the electronic signature on the document is not a valid signature, (*id.* at ¶¶ 5-6, 8); and argues that the agreement cannot be enforced by Defendants because Defendant Pam Hipp is not a party in interest to the contract and no principals of Defendant J.W. Korth are signatories, (*id.* at ¶ 3-4, 8). Defendants have filed a reply brief with a number of supporting

exhibits.[2]

## II. Discussion

A.)     **Enforceability of the Agreement**

    1.)     **If valid, the agreement must be enforced.**

The agreement at issue here is a Uniform Application for Securities Industry Registration or Transfer or "Form U4." The form provides that:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 . . . and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

(Dkt. No. 6, Defs.' Br., Ex. 1, Form U4 at Page ID#67) (emphasis omitted). The only SRO (self-regulatory organization) indicated in Section 4 of Plaintiff's Form U4 is "NASD," the National Association of Securities Dealers. (*Id.* at Page ID#57.) In 2007, with the approval of the Securities and Exchange Commission, the National Association of Securities Dealers became part of the new Financial Industry Regulatory Authority ("FINRA"). FINRA's

---

[2]Under this Court's rules, a movant in a civil case is entitled to file a reply brief only when filing a dispositive motion. W.D. Mich. LCivR 7.2(c), 7.3(c). Only certain listed motions are regarded as dispositive. *Id.* at 7.2(a). Although a motion to compel arbitration may in some respects have the effect of a motion to dismiss, it is not among the listed motions and must therefore be regarded as nondispositive. *Id.* at 7.3(a). As such, a reply brief may not be filed without leave of the Court. *Id.* at 7.3(c). In this instance, Plaintiff has not objected to Defendants' filing, and the Court will accept the brief. *See Hoogerheide v. Internal Revenue Service*, No. 10-1126, 2011 U.S. App. LEXIS 7423, at *8 (6th Cir. April 12, 2011) ("The court . . . [has] discretion to overlook errors in its own local rules." (internal quotation marks omitted)).

Code of Arbitration Procedure for Industry Disputes states that "[e]xcept as otherwise provided in the Code,[3] a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among Members; Members and Associated Persons; or Associated Persons." FINRA Rule 13200, Required Arbitration. Plaintiff does not contest that he is a member or associated person, and he does not contest that his dispute arises out of business activities of a member or associated person.

Under the Federal Arbitration Act, arbitration agreements are valid and enforceable, absent grounds at law or in equity for the revocation of the agreement. 9 U.S.C. § 2. Absent such grounds, this Court is required to order arbitration: "[b]y its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The Federal Arbitration Act applies here. *See McFadden v. Clarkeson Research Group, Inc.*, CV 09-0112, 2010 U.S. Dist. LEXIS 50526 (E.D.N.Y. May 18, 2010). But, again, Plaintiff does not contest that this Court would be required to enforce the arbitration agreement by ordering arbitration. Rather, he contests the validity of the agreement by

---

[3] It is otherwise provided in the Code that alleging employment discrimination in violation of a statute is not required to be arbitrated unless the parties agree to arbitrate it. FINRA Rule 13201, Statutory Employment Discrimination Claims. There is no evidence that the parties here agreed to arbitrate statutory claims, and thus Defendants do not move to compel arbitration of those claims. (Defs.' Br. 2.)

arguing that he has not signed it and that he does not recall having signed it.

### 2.)   Plaintiff's electronic signature is binding.

It is clear from a cursory inspection of the Form U4 Defendants attached to their Brief that Plaintiff's electronic signature appears on the document. (*See* Form U4 Page ID#68.) At the bottom of the section entitled "Individual/Applicant's Acknowledgment and Consent," the document reads: "Applicant or applicant's agent has typed applicant's name under this section to attest to the completeness and accuracy of this record. The applicant recognizes that this typed name constitutes, in every way, use or aspect, his legally binding signature." (*Id.*) Plaintiff's name is typed below this statement and directly below the phrase "Signature of the Applicant." (*Id.*) Thus, when Plaintiff argues that he has not signed the contract, (Resp. ¶ 5), and implies that the contract produced by Defendants was not signed, (Resp. ¶ 6), the Court can only conclude that Plaintiff is challenging the efficacy of electronic signatures or is attempting to deny that he or his agent typed his name on the Form. He does so in vain.

Under federal law,

> [W]ith respect to any transaction in or affecting interstate or foreign commerce . . . a signature, contract or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and . . . a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001. So, too, under Michigan law, "[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." Mich. Comp. Laws

§ 450.837. Accordingly, to the extent that Plaintiff is arguing that the electronic signature has no effect, the Court rejects the argument.

Moreover, Defendants have offered more than sufficient evidence to conclude that Plaintiff or his agent electronically signed the document, and Plaintiff has offered nothing to discourage that conclusion. Plaintiff asserts that he worked as a broker for Defendant J.W. Korth, (Compl. ¶ 7), Defendants add that he has worked as a broker for at least one other FINRA-registered firm, (Reply 2), and Defendants have submitted evidence that he has worked for three others as well, (Reply, Ex. 2, BrokerCheck Report 5). It is undisputed that in order to work as a broker and register with NASD/FINRA, an applicant is required to sign a Form U4. *See Johnson v. Charles Schwab & Company, Inc.*, No. 09-CV-81479, 2010 WL 678126, at *2 (S.D. Fla. Feb. 25, 2010) ("[T]he NASD and the NYSE require executed U-4 forms before one can register with them."). Additionally, Defendants have proffered an email and fax exchange from the time the Form U4 was filed, indicating that Plaintiff completed the form. (Reply, Ex. 4, Aff. of Holly MacDonald-Korth, Attach. B.) Based on this evidence, the Court finds that Plaintiff or his agent electronically signed the Form U4 and agreed to arbitrate disputes as provided in that document.

**3.)    Failure to recall signing does not affect the validity of the signature.**

Plaintiff also avers that he "has no recollection of signing this contract." To the extent that this is a further argument that he did not sign the Form U4, as noted above, all of the evidence points to the contrary conclusion. To the extent that his inability to

6

remember signing is proffered as an independent defense, the defense must fail. *See Eckman v. Diedrich*, No. 00 C 50227, 2002 WL 1433736, at * 1 (N.D. Ill. Jul. 2, 2002) (failure to recall signing a document does not affect the validity or effect of the document); *McKinstry v. Valley Obstetrics-Gynecology Clinic, P.C.*, 428 Mich. 167, 189-190 (1987) (same); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 223 (5th Cir. 1999) ("[I]nability to remember signing them is not sufficient to raise a material issue as to the validity of the agreements."); *Stern v. eSpeed, Inc.*, 06 Civ. 958, 2006 WL 2741635, at *2 (S.D.N.Y. Sept. 22, 2006) ("In the absence of any other facts casting doubt on whether [the party] signed the agreement [the party's] lack of recollection of signing the agreement is insufficient to defeat defendant's motion [to dismiss].").

**B.)     Defendants May Enforce the Agreement**

Plaintiff additionally argues that the contract is not enforceable as to either of the defendants. With respect to Defendant J.W. Korth, Plaintiff argues that "this contract is [not] enforceable as to J.W. Korth . . . as . . . the principal of J.W. Korth, Holly McDonald Korth has [not] signed this contract." (Resp. ¶ 5.) In fact, Ms. McDonald-Korth has signed the document. (*See* Form U4 Page ID#69.) Even if she had not, Plaintiff affirmed in signing the agreement that, "I agree to arbitrate any dispute, claim or controversy that may arise *between me and my firm* . . . that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4." (*Id.* at Page ID#67.) On the form, Plaintiff identifies his firm as "J.W. Korth & Company." (*Id.* at Page ID#56.) FINRA

requires that "a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among Members; Members and Associated Persons; or Associated Persons." FINRA Rule 13200, Required Arbitration. Plaintiff does not dispute, and the Court finds, that Defendant J.W. Korth is a member and that Plaintiff is an associated person. *See* FINRA Rule 13100(a), (o), and (r); *see also Charles Schwab & Company, Inc.*, 2010 WL 678126, at *3. Accordingly, FINRA requires that the non-statutory aspects of the dispute between them be arbitrated, and so must this Court.

With respect to Defendant Hipp, Plaintiff argues that "[t]his contract is not between Pam Hipp and Plaintiff Kurt Martyn is therefore entirely non-enforceable as Pam Hipp is not a party in interest." (Resp. ¶ 4.) Defendant Hipp has also signed a Form U4, (Reply, Ex. 11), and she, like Plaintiff, is an "associated person" under FINRA's Rules. Accordingly, she, too, can enforce the arbitration agreement.

### III. Conclusion

For the reasons contained herein, Defendants' Motion to Compel Arbitration will be granted. If Plaintiff wishes to pursue his non-statutory claims, he must do so through the arbitration procedures provided for in his contract and the rules referenced therein. An order consistent with this opinion will be entered.

Dated: June 1, 2011                    /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE